UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA HILAVIK, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) GC SERVICES LIMITED PARTNERSHIP, ) ) ) Defendant. ) | Civil Action No. 20-cv-02733 <br><br> Jury Demanded |

## COMPLAINT

Plaintiff, Cynthia Hilavik, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm as a result of Defendant's attempt to collect an alleged debt from her, by mailing her a letter that does not correctly indicate the identity of the creditor to which the alleged debt is owed.

1

## PARTIES

5. Plaintiff, Cynthia Hilavik, ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a QVC, Inc. account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, GC Services Limited Partnership ("GCS"), is a Delaware limited partnership that does or transact business in Illinois. GC's registered agent is C T Corporation System located at 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7. GCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. GCS holds a collection agency license from the State of Illinois.

9. GCS regularly collects or attempts to collect consumer debts originally owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined at § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for a Synchrony credit account used for QVC purchases ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

12. GCS subsequently began collecting the alleged debt.

13. On or about July 23, 2019, GCS sent Plaintiff a collection letter ("Letter") in an attempt to collect the alleged debt. (Exhibit A, Collection Letter).

14. The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

15. Plaintiff read the Letter.

16. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

17. The Letter was GCS' initial communication with Plaintiff regarding the alleged debt.

18. The Letter reads in part as follows:

YOU OWE: QVC, INC.

(Ex. A, Letter)

19. The Letter does not identify any creditor to whom the debt is owed.

20. The Letter directs that payment be sent to GCS.

21. The Letter directs that questions regarding the account be directed to GCS.

22. The Letter further indicates that upon written request by Plaintiff made within thirty (30) days of receiving the notice, "this office will provide you with the name and address of the original creditor, if different from the **current creditor**." (Ex. A, Letter) (emphasis added).

23. The Letter thus communicates the possibility that the current creditor and the original creditor may be different.

24. Yet nowhere does the Letter identify a current creditor.

25. On information and belief, any alleged debt, if owed at all, is owed to Synchrony Bank. (Ex. B, Exerpt from Plaintiff's TransUnion credit report showing Synchrony Bank account review inquiry on a QVC branded account).

26. However, the Letter does not identify an original creditor or a current creditor.

27. The Letter does not state that a debt is owed to Synchrony Bank.

28. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (2) the name of the creditor to whom the debt is owed. . . .**

29. GCS failed to state the name of the current creditor, in violation of 15 U.S.C. § 1692g(a)(2), when it did not list the name of the company to whom a debt was owed in an initial communication in connection with the attempt to collect a debt.

30. A debt collector risks violating the FDCPA when it chooses its own language that does not make clear the identity of the current creditor. *Steffek v. Client Servs.*, No. 19-1491, 2020 U.S. App. LEXIS 1759, at *12 (7th Cir. Jan. 21, 2020) (requiring the debt collector to identify clearly the name of the creditor to whom the debt is owed).

31. GCS could have easily avoided violating the FDCPA by listing the current creditor somewhere in the Letter.

32. GCS's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

33. Plaintiff, Cynthia Hilavik, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a debt (3) using a letter substantially similar to that attached as Exhibit A to Plaintiff's

4

Complaint (4) which fails to reference Synchrony Bank for (5) a debt owed on a Synchrony Bank credit account (6) from 1 year prior to the filing of the Complaint to the date of the filing of the Complaint.

34. As Exhibit A is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a defaulted Synchrony QVC account.

35. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

37. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel that has previously been approved as class counsel in cases brought under the FDCPA.

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

39. GCS failed to state the name of the current creditor, in violation of 15 U.S.C. § 1692g(a)(2), when it did not list the name of the company to whom a debt was owed in an initial communication in connection with the attempt to collect a debt.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class and against GCS as follows:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers, LLC.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com